# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER PATRICK MCGOWAN,** : | **CIVIL NO. 1:19-CV-349** |
| : | |
| : | **(Chief Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **JUDGE ANGELA R. KROM, DISTRICT ATTORNEY LAURA KERNSTETTER, FRANKLIN COUNTY COURT OF COMMON PLEAS,** : | |
| **Defendants** : | |

## MEMORANDUM

Plaintiff Christopher McGowan ("McGowan"), an inmate confined at the State Correctional Institution, Camp Hill, Pennsylvania, ("SCI-Camp Hill"), initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). McGowan also filed a motion for leave to proceed *in forma pauperis*. (Doc. 13). Named as defendants are Judge Angela R. Krom, District Attorney Laura Kernstetter, and the Franklin County Court of Common Pleas. (Doc. 1 at 2-3). An initial screening of the complaint has been conducted and, for the reasons set forth below, the court will dismiss the complaint.

**I.      Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2]  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b).  This initial screening is to be done as soon as practicable and need not await service of process.  See 28 U.S.C. § 1915A(a).

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

## II. Allegations in the Complaint

McGowan alleges that a criminal information was filed in the Court of Common Pleas of Franklin County charging him with felony theft by deception and conspiracy. (Doc. 1 at 4). He alleges that his constitutional rights were violated because he was not indicted by a grand jury. (Id.) McGowan further alleges that his constitutional rights were violated because the criminal information was amended seventeen hours prior to trial. (Id.) As a result of these actions, McGowan contends that he was illegally charged, prosecuted, and sentenced. (Id. at 5).

For relief, McGowan seeks compensatory and punitive damages, as well as the initiation of criminal charges against Judge Krom and District Attorney Kernstetter. (Id.)

## III. Discussion

42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of rights secured by the Constitution or by federal statute. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Third Circuit has held that all courts in Pennsylvania's judicial districts are entitled to Eleventh Amendment immunity. See Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008). Congress did not specifically abrogate the

3

states' Eleventh Amendment immunity in enacting § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In addition, the Commonwealth of Pennsylvania has expressly withheld its consent to be sued. See Lavia v. Pa., Dept. of Corr., 224 F.3d 190, 195 (3d Cir. 2000); see also 42 PA. CONS. STAT. § 8521(b); 1 PA. CONS. STAT. ANN. § 2310. Any claim for damages against the Franklin County Court of Common Pleas is absolutely foreclosed by the Eleventh Amendment. Furthermore, to the extent that McGowan seeks monetary relief against Judge Krom in her official capacity, she is also entitled to Eleventh Amendment immunity. Because Judge Krom serves on the Franklin County Court, the real party in interest in an official capacity claim is the court itself. See Jones v. Lilly, 37 F.3d 964, 966 (3d Cir. 1994) ("[T]he real party in interest in an official capacity suit is not the individual but rather the entity of which the officer is an agent.").

McGowan's claims against Judge Krom are also barred by the doctrine of judicial immunity. It is a well-settled that judges are absolutely immune from suits for damages under § 1983 when they act in a judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). McGowan complains that Judge Krom permitted the alleged illegal amendment to his criminal information. Because this alleged act was performed by Judge Krom in her official capacity, Judge Krom is entitled to absolute judicial immunity from

4

McGowan's individual capacity claim for money damages.  See Pittman v. Martin, 569 F. App'x 89 (3d Cir. 2014) (holding that the prisoner's complaints against the judges "—permitting the amendment of criminal information, sentencing a defendant, and dismissing motions and petitions—are prototypical judicial acts, inherent to the process of adjudication", to which the judges were entitled to immunity).

McGowan next alleges that District Attorney Kernstetter violated his constitutional rights by only charging him in a criminal information and amending the criminal information.  A state prosecuting attorney who "act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).  McGowan's claims against District Attorney Kernstetter directly relate to her official prosecutorial duties.  See Pittman, 569 F. App'x at 91 (holding that the prisoner's complaints against the prosecutors "—namely, that they amended the criminal information and prosecuted the case against him—fit squarely within the realm of official prosecutorial duties.").  Therefore, District Attorney Kernstetter is entitled to immunity from the claims in McGowan's complaint.

5

Lastly, McGowan may not use this civil lawsuit as a vehicle for instituting a criminal prosecution against Judge Krom and District Attorney Kernstetter. The court has no authority to grant, as relief, the initiation of any criminal prosecution against defendants. It is well-established that decisions regarding the filing of criminal charges are the prerogative of the executive branch of government and are assigned to the sound discretion of prosecutors. See Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985) (recognizing that the exercise of prosecutorial discretion is a matter "particularly ill-suited to judicial review"). McGowan may not seek relief in the form of an order directing the criminal prosecution of defendants. See Sanders v. Downs, 420 F. App'x 175, 180 (3d Cir. 2011) ("[T]he District Court correctly reasoned that there is no constitutional right to the investigation or prosecution of another.").

## IV.  Leave to Amend

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of McGowan. See Erickson v. Pardus, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). Based on the nature

6

of the allegations, and because defendants are entitled to immunity, it is clear that affording McGowan leave to amend would be futile.

**V.     Conclusion**

Based on the foregoing, the court is confident that service of process is unwarranted in this case, and the complaint will be dismissed.

An appropriate order shall issue.

 /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      April 8, 2019